**The below described is SIGNED.**



**Dated: August 31, 2009** _____

**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**

_____

*Prepared and Submitted By:*

Joel T. Marker (4372)
Quinn A. Sperry (11771)
**McKAY, BURTON & THURMAN**
170 South Main Street, Suite 800
Salt Lake City, UT 84101
Telephone:  (801) 521-4135
Facsimile:  (801) 521-4252
Email:  jmarker@mbt-law.com
Email:  qsperry@mbt-law.com

*Attorneys for Lisbon Valley Mining Co. LLC*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| In re: | Bankruptcy No. 09-24486  JAB |
|---|---|
| **LISBON VALLEY MINING CO. LLC,** | Chapter 11 |
| Debtor. | **[Filed Electronically]** |

---

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
### CONFIRMING PLAN OF REORGANIZATION DATED JUNE 23, 2009

---

WHEREAS, Lisbon Valley Mining Co. LLC (the "Debtor" or "Plan Proponent") as

"proponent of the plan" within the meaning of section 1129 of title 11, United States Code (the

"Bankruptcy Code"), filed the "Plan of Reorganization of Debtor and Debtor in Possession

Dated June 23, 2009, as Revised" (the "Plan") and the "Disclosure Statement With Respect to

NYK 1218039-3.084540.0011

Filed: 08/27/09

the Plan of Reorganization Proposed by Debtor and Debtor in Possession Dated June 23, 2009, as Revised" (the "Disclosure Statement");[1] and

WHEREAS, on July 28, 2009, the Court entered its "Order Granting Debtor's Motion for Order: (1) Approving Disclosure Statement; (2) Approving Solicitation Procedures, Forms of Ballots, and Manner of Notice of Debtor's Plan of Reorganization; and (3) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto and to the Assumption or Assignment of Assumed Obligations" [Docket No. 174] (the "Solicitation Order") which, among other things, (a) approved the Disclosure Statement under Bankruptcy Code section 1125 and Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (b) established August 31, 2009 at 2:00 p.m. (Mountain Time), as the date for the hearing to consider confirmation of the Plan (the "Confirmation Hearing"), (c) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), and (d) established certain procedures for soliciting and tabulating votes with respect to the Plan; and

WHEREAS, (a) the Confirmation Hearing Notice, (b) the Plan, (c) the Disclosure Statement, (d) the Solicitation Order, (e) the Contract Assumption Schedule and a Notice of Assumed Obligation to parties to the Contract Assumption Schedule, and (f) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a ballot and return envelope (such ballot and envelope being referred to as a "Ballot"), were transmitted as set forth in the Certificate of Service of Joel T. Marker of McKay, Burton & Thurman, counsel to the Debtor, sworn to on August 3, 2009 [Docket No. 181] (the "Certificate of Service"); and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan. Any term used in the Plan, the Confirmation Order or these Findings that is not defined in the Plan, the Confirmation Order or these Findings, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

WHEREAS, the Plan Proponent filed a Declaration of Publication attesting to the fact that the Confirmation Hearing Notice was published in accordance with the Solicitation Order in *The Salt Lake Tribune* on July 31, 2009 [Docket No. 182] (the "Declaration of Publication"); and

WHEREAS, the Plan Proponent filed: (a) the Plan Supplement with respect to the Plan on August 17, 2009 [Docket No. 197] (as may be amended from time to time, the "Plan Supplement"), (b) its memorandum of law in support of confirmation of the Plan on August 27, 2009 [Docket No. 205] (the "Confirmation Memorandum"), and (c) the Declaration of Rick Hoffman in Support of Valuation Report of LonePeak Valuation Group, the Declaration of Robert M. Frayser in Support of the Plan of Reorganization Proposed by the Debtor, the Declaration of Craig Carr in Support of the Plan of Reorganization Proposed by the Debtor and the Declaration of Kenneth A. Garnett in Support of the Plan of Reorganization Proposed by the Debtor on August 27, 2009 [Docket Nos. 201 through 204] (together, the "Supporting Declarations"); and

WHEREAS, on August 25, 2009, the Plan Proponent filed the Declaration of Joel T. Marker Certifying Voting on, and Tabulation of, Ballots Accepting and Rejecting the Debtor's Chapter 11 Plan of Reorganization [Docket No. 200] attesting and certifying the method and results of the ballot tabulation for the Classes of Claims (Classes 3 and 4), entitled to vote to accept or reject the Plan (as may be supplemented, corrected, or amended, the "Voting Report"); and

WHEREAS, according to the Voting Report, holders of Claims in Classes 3 and 4 overwhelmingly voted in favor of the Plan; and

WHEREAS, on or before the objection deadline of August 24, 2009 at 5:00 p.m. (Mountain Time), or such other time approved by the Court, the Response by the Boyd C.

Brinton Family Trust to Plan [Docket No. 199] (the "Response") was filed with the Court and served in the manner directed in the Confirmation Hearing Notice.  The Response was resolved by adding certain clarifying language to the Confirmation Order.   The Response was thereafter withdrawn.

WHEREAS, the Confirmation Hearing commenced on August 31, 2009 at 2:00 p.m. (Mountain Time), at which time evidence was presented and arguments were made; and

WHEREAS, the Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of this Court including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case; and

NOW, THEREFORE, based on the foregoing and upon the Court's review of the Voting Report, the Confirmation Memorandum, the Plan Supplement, the Supporting Declarations, the Certificate of Service, the Declaration of Publication; and upon (a) all the evidence proffered and/or adduced at, memoranda and Objections filed in connection with, and arguments of counsel made at, the Confirmation Hearing, (b) the entire record of this Chapter 11 Case, and (c) the applicable law; and after due deliberation thereon and good cause appearing therefor, the Court concurrently enters herewith its "Order Confirming Plan of Reorganization of Debtor and Debtor in Possession Dated June 23, 2009" (the "Confirmation Order").  In support of the Confirmation Order, the Court hereby enters the following Findings of Fact and Conclusions of Law, as supplemented by any findings of fact and conclusions of law stated orally and reported

NYK 1218039-3.084540.0011

in open court on the record at the Confirmation Hearing (which are incorporated herein), pursuant to Bankruptcy Rules 7052 and 9014:[2]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      This Court has jurisdiction over the Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to section 1408 of title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code, and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.      The Response has been formally withdrawn.  The Response and the remaining verbal objections either have been resolved and/or have been withdrawn (collectively, the "Resolved Objections"), and the Confirmation Order incorporates the agreements made in conjunction with the Resolved Objections.  To the extent that any of the Objections are not Resolved Objections, all Objections are without merit and are overruled.  Furthermore, to the extent that any objections to the confirmation of the Plan are not expressly listed in these Findings, they were not timely filed in accordance with the Court's Solicitation Order and, therefore, are stricken from the record.

C.      The Plan, the Disclosure Statement, the Ballots, the Confirmation Hearing Notice, the Solicitation Order, the Contract Assumption Schedule and the Notice of Assumed Obligation to parties to the Contract Assumption Schedule, which were transmitted and served as set forth in the Certificate of Service, were transmitted and served in compliance with the Solicitation Order, the applicable Bankruptcy Rules (including without limitation Bankruptcy Rules 2002, 3017,

---

[2]   Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

NYK 1218039-3.084540.0011

3018 and 3019) and the applicable Local Rules of this Court, and such transmittal and service were adequate and sufficient, and no other or further notice is or shall be required.

D.      Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code (including sections 1125 and 1126), the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018), the Solicitation Order, and all other applicable laws, rules, regulations and industry practice, as reflected in the Certificate of Service, the Declaration of Publication, and the Voting Report.   All Persons, including the Plan Proponent, have acted in good faith with respect to the solicitation of votes on the Plan and thus are entitled to the protections of Bankruptcy Code section 1125(e).

E.      The Plan Proponent has the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

F.      **11 U.S.C. § 1129(a).**   The Plan Proponent has met its burden of establishing that the Plan satisfies all of the requirements of the Bankruptcy Code section 1129(a) as follows:

1.      **11 U.S.C. § 1129(a)(1).**   The Plan complies with the applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122 and 1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.   The applicable provisions of sections 1122 and 1123 of the Bankruptcy Code are as follows:

(a)      11 U.S.C. § 1122(a).   The Plan designates 6 Classes of Claims or Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Accordingly, the Plan satisfies section 1122(a) of the Bankruptcy Code.

(b)      11 U.S.C. § 1122(b).   In accordance with section 1122(b) of the Bankruptcy Code, Class 4 separately classifies for administrative convenience all

6

Convenience Claims.  Separate classification of the Convenience Claims is in compliance with section 1122(b) of the Bankruptcy Code.

(c)      11 U.S.C. § 1123(a)(1).  The Plan designates 6 Classes of Claims or Equity Interests in accordance with section 1122 of the Bankruptcy Code, and Administrative Expense Claims, DIP Loan Claims, Plan Sponsor Claims, Priority Tax Claims, Secured Tax Claims, Gap Claims and Professional Compensation Claims are not classified.  Accordingly, section 1123(a)(1) of the Bankruptcy Code is satisfied.

(d)      11 U.S.C. § 1123(a)(2).  The Plan specifies that Classes 1 and 2 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(e)      11 U.S.C. § 1123(a)(3).  The Plan designates all Classes of Claims or Equity Interests, other than Classes 1 and 2, as impaired and specifies the treatment of Claims and Equity Interests in those impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(f)      11 U.S.C. § 1123(a)(4).  The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(g)      11 U.S.C. § 1123(a)(5).  Article VI of the Plan and various other provisions of the Plan, including those incorporated through the Plan Supplement, provide adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(h)      11 U.S.C. § 1123(a)(6).  In accordance with Article VI, Section 6.3 of the Plan, the Amended LLC Agreement for the Reorganized Debtor prohibits the

issuance of non-voting equity securities.  Thus, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

(i)      11 U.S.C. § 1123(a)(7).  Article VI, Section 6.5 of the Plan and the Plan Supplement, contain provisions with respect to the manner of selection of officers and directors of NewCo and the Reorganized Debtor that are consistent with the interests of creditors, equity security holders, and public policy in accordance with section 1123(a)(7) of the Bankruptcy Code.  Accordingly, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

(j)      11 U.S.C. § 1123(b)(1).  Pursuant to section 1123(b)(1) of the Bankruptcy Code, the Plan impairs or leaves unimpaired Classes of Claims or Equity Interests.  Thus, the requirements of section 1123(b)(1) of the Bankruptcy Code are satisfied.

(k)      11 U.S.C. § 1123(b)(2).  As contemplated under section 1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption, rejection and assignment of executory contracts and unexpired leases, and the assumption, rejection and assignment of such executory contracts and unexpired leases is proper and appropriate under section 365 of the Bankruptcy Code. Thus, the requirements of section 1123(b)(2) of the Bankruptcy Code are satisfied.

(l)      11 U.S.C. § 1123(b)(3)(A).  Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code, the Plan appropriately provides for the settlement and/or adjustment of Claims belonging to the Debtor and/or to the Estate. The uncontroverted, persuasive and credible evidence proffered or adduced at the Confirmation Hearing establish that such settlements and/or adjustment of Claims have been properly noticed

NYK 1218039-3.084540.0011

and comply with all applicable law, including section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. Furthermore, the uncontroverted evidence establishes that the release and exculpation clauses set forth in Article VIII, Sections 8.4 and 8.5 of the Plan are (i) integral to the settlement and/or adjustment of Claims provided for in the Plan, (ii) are being given for fair consideration, (iii) are necessary to the Debtor's reorganization, and/or (iv) are permissible under Bankruptcy Code section 1123 and all applicable law. Thus, the requirements of section 1123(b)(3)(A) of the Bankruptcy Code are satisfied.

(m)     11 U.S.C. § 1123(b)(3)(B).  As contemplated under section 1123(b)(3)(B) of the Bankruptcy Code, where Disputed Claims, Avoidance Actions and Retained Actions have not been settled and/or released, the Plan appropriately provides for the retention and enforcement by the Reorganized Debtor or the Debtor, as applicable, of such Disputed Claims, Avoidance Actions and/or Retained Actions. Thus, the requirements of section 1123(b)(3)(B) of the Bankruptcy Code are satisfied.

(n)     11 U.S.C. § 1123(b)(6).  The Plan complies with section 1123(b)(6) of the Bankruptcy Code because its provisions are appropriate and not inconsistent with applicable law.

2.     **11 U.S.C. § 1129(a)(2).**  The Plan Proponent has complied with all of the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

(a)     The Debtor is qualified to be a chapter 11 debtor under section 109 of the Bankruptcy Code.

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of this Court.

NYK 1218039-3.084540.0011

(c)      The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

3.      **11 U.S.C. § 1129(a)(3).**  The Plan Proponent has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Plan Proponent's good faith is evident from the facts and records of this Chapter 11 Case, the Disclosure Statement and the hearing thereon, and the record of the Confirmation Hearing and other proceedings held in this Chapter 11 Case.  The Plan is the product of significant and arms length negotiations and is proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

4.      **11 U.S.C. § 1129(a)(4).**  Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, this Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

5.      **11 U.S.C. § 1129(a)(5).**  The identity and affiliations of those Persons currently proposed to serve as initial directors or officers of NewCo and the Reorganized Debtor after confirmation of the Plan have been disclosed in the Plan Supplement, and any additions or changes to the directors or officers will be pursuant to NewCo's and the Reorganized Debtor's organizational and operating agreement and applicable governance documents and in accordance with applicable state and federal law.  The appointment to,

NYK 1218039-3.084540.0011

or continuance in, such offices of such Persons is consistent with the interests of Holders of Claims against and Equity Interests in the Debtor and with public policy. The identity of any insider that will be employed or retained by NewCo and the Reorganized Debtor and the nature of such insider's compensation have been fully disclosed in the Plan Supplement. Thus, the Plan Proponent has complied with section 1129(a)(5) of the Bankruptcy Code.

6.      **11 U.S.C. § 1129(a)(6)**. The Plan does not provide for any changes in rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in this Chapter 11 Case.

7.      **11 U.S.C. § 1129(a)(7)**. The liquidation analysis provided in the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each Holder of a Claim or Equity Interest in an impaired Class either (i) has accepted the Plan, or (ii) will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

8.      **11 U.S.C. § 1129(a)(8)**. Except with respect to Classes 5 and 6 (the "Deemed Rejecting Classes"), the Plan complies with section 1129(a)(8) of the Bankruptcy Code because each of the remaining Classes of Claims or Equity Interests in the Plan, (a) has accepted the Plan, or (b) is not impaired under the Plan.

NYK 1218039-3.084540.0011

(a)      Classes 1 and 2 are not impaired and, therefore, such Classes are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code,

(b)      Classes 3 and 4 have voted to accept the Plan in accordance with section 1126(c) and (d) of the Bankruptcy Code.

(c)      Classes 5 and 6, the Deemed Rejecting Classes, are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Although section 1129(a)(8) cannot be satisfied with respect to the Deemed Rejecting Classes as a matter of law, the Plan nonetheless is confirmable because, as discussed below, the Plan satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code with respect to the Deemed Rejecting Classes.

9.      **11 U.S.C. § 1129(a)(9).**  Bankruptcy Code section 1129 provides that:

Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that –
…
(C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash –
…
(iii) in a manner not less favorable than the most favorable nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b); and
(D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(1)(8), but for the secured status of the that claim, the holder of that claim will receive on account of the at claims, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

The Debtor has obtained written confirmation that the Holders of the Priority Tax Claims and Secured Tax Claims have agreed to be paid over a period of three years.

NYK 1218039-3.084540.0011

Therefore, the treatment of Administrative Expense Claims, including Professional Compensation Claims, Claims for statutory fees and charges, Priority Tax Claims, Secured Tax Claims, DIP Loan Claims, Plan Sponsor Claims and Gap Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

10.     **11 U.S.C. § 1129(a)(10).**  The Plan satisfies section 1129(a)(10) of the Bankruptcy Code because, as discussed in paragraph 8, above, at least one Class of Claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

11.     **11 U.S.C. § 1129(a)(11).**  The Plan complies with section 1129(a)(11) of the Bankruptcy Code because the evidence proffered, adduced, or presented at the Confirmation Hearing (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any successor.

12.     **11 U.S.C. § 1129(a)(12).**  All fees payable under section 1930 of title 28 of the United States Code, as determined by this Court, have been paid or will be paid pursuant to Article XII, Section 12.8 of the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

13.     **11 U.S.C. § 1129(a)(13).**  The Plan satisfies the requirements of Bankruptcy Code section 1129(a)(13) because the Debtor is not subject to any retiree benefits as defined in Bankruptcy Code section 1114.

NYK 1218039-3.084540.0011

14.    **11 U.S.C. § 1129(a)(14).**  The requirements of Bankruptcy Code section 1129(a)(14), which mandate the payment of domestic support obligations, are inapplicable to this business Debtor.

15.    **11 U.S.C. § 1129(a)(15).**  The requirements of Bankruptcy Code section 1129(a)(15), which only applies to cases where the debtor is an individual, are inapplicable to this business Debtor.

16.    **11 U.S.C. § 1129(a)(16).**  The requirements of Bankruptcy Code section 1129(a)(16), which only applies to "the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust[,]" are inapplicable because the Debtor is a moneyed business or commercial corporation.

G.    **11 U.S.C. § 1129(b).**  The Plan Proponent has met its burden of establishing that the Plan satisfies Bankruptcy Code section 1129(b) with respect to the Deemed Rejecting Classes (Classes 5 and 6), the only Classes that are impaired and rejecting Classes under the Plan, as follows:

1.    As set forth above, all of the applicable requirements of Bankruptcy Code section 1129(a), other than paragraph (8) are met with respect to the Plan.

2.    Based upon the evidence submitted, proffered, adduced, or presented by the Plan Proponent at the Confirmation Hearing, the Plan does not discriminate unfairly with respect to the Deemed Rejecting Classes as required under section 1129(b)(1) of the Bankruptcy Code.

3.    Based upon the evidence submitted, proffered, adduced, or presented by the Plan Proponent at the Confirmation Hearing, the Plan is "fair and equitable" with

14

respect to the Deemed Rejecting Classes, as required by section 1129(b)(1) of the Bankruptcy Code for the following reasons:

(a)     Class 5.  The Plan is "fair and equitable" with respect to Class 5, the Intercompany Claims, under section 1129(b)(2)(B)(ii) of the Bankruptcy Code because the only Class junior to Class 5 is Class 6, which is comprised of Equity Interests.  Class 6 will neither receive nor retain any property under the Plan and, accordingly, no Class junior in priority to Class 5 will receive or retain any property under the Plan on account of its Claims or Equity Interests.

(b)     Class 6.  The Plan is "fair and equitable" with respect to the Holders of Equity Interests in Class 6 under section 1129(b)(2)(C)(i) of the Bankruptcy Code because existing Equity Interests have no value and, therefore, by receiving no Distribution and retaining no property, the Holders of Equity Interests are receiving the value of their Equity Interests.

H.     Based upon the evidence submitted, proffered, adduced, or presented by the Plan Proponent at the Confirmation Hearing, pursuant to the Plan and based upon the arguments submitted in the Memorandum of Law in Support of Confirmation of Plan of Reorganization Proposed By Debtor and Debtor in Possession, the Intercompany Claims (Class 5) are recharacterized in their entirety as Equity Interests and are not entitled to any distribution on account of such interests under the Plan.

I.     On the Effective Date, all property of the Estate, to the fullest extent of section 541 of the Bankruptcy Code, and any and all other rights and Assets of the Debtor of every kind and nature (including the Retained Actions and Avoidance Actions) shall revest in the Reorganized Debtor, free and clear of all Liens, Claims and Equity Interests, except as

specifically provided for in the Plan.  As of the Effective Date, the Debtor or the Reorganized

Debtor, as applicable, shall be authorized to operate its business and to use, acquire, and dispose

of property and settle and compromise Claims, Equity Interests, or Causes of Action without

supervision of the Bankruptcy Court and without notice to any party, free of any restrictions of

the Bankruptcy Code or the Bankruptcy Rules, except those restrictions explicitly imposed by

the Plan and the Confirmation Order.  For the avoidance of doubt, all of the Debtor's mining

rights and mining claims are considered Assets of the Debtor and shall revest in the Reorganized

Debtor as set forth in Section 8.1 of the Plan.

J.      There has been no request by a governmental unit that the Plan not be confirmed

because the principal purpose of the Plan is the avoidance of taxes or avoidance of the

application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

K.      The form of the documents in the Plan Supplement, including NewCo LLC

Agreement, NewCo Certificate of Formation, and the Amended LLC Agreement for the

Reorganized Debtor, are appropriate and necessary for the implementation of the Plan.

L.      All of the conditions precedent to confirmation of the Plan described in

Article IX, Section 9.1 of the Plan have been satisfied.

M.      Based on the uncontroverted, persuasive and credible evidence, the agreements,

transactions and transfers authorized herein and by the Confirmation Order are fair, equitable and

reasonable, are entered into in good faith, are in the best interests of the Debtor, its creditors and

the Estate, and provide adequate means for implementing the Plan.

N.      The injunctions, releases and limitations on liability set forth in Article VIII of the

Plan are fair and equitable, are given for valuable consideration, were properly noticed to

Holders of Claims and Equity Interests and other interested parties in accordance with the

NYK 1218039-3.084540.0011

requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Estate.

O.      As set forth in Article VIII, Section 8.3(A) of the Plan, the Debtor is entitled to a discharge under section 1141(d) of the Bankruptcy Code, and as of the Effective Date of the Plan, the injunction set forth in section 1141(c) of the Bankruptcy Code and in Article VIII, Section 8.3(B) of the Plan shall apply.

P.      The Court's retention of jurisdiction as set forth in Article X of the Plan is appropriate and comports with the parameters set forth in section 1142 of the Bankruptcy Code and section 157 of title 28 of the United States Code.

Q.      Based on the foregoing, notwithstanding the Plan Proponent's failure to satisfy section 1129(a)(8) of the Bankruptcy Code with respect to the Deemed Rejecting Classes, the Plan must be confirmed because the Plan Proponent has met its burden of showing that the other requirements of section 1129(a) of the Bankruptcy Code have been met and that the requirements of section 1129(b) of the Bankruptcy Code have been met with respect to the Deemed Rejecting Classes.  Accordingly, pursuant to section 1129 of the Bankruptcy Code, this Court can enter the Confirmation Order.

R.      The provisions of the Plan, including all documents incorporated as part of the Plan, these Findings and the Confirmation Order shall bind all parties bound to the confirmed Plan pursuant to section 1141 of the Bankruptcy Code, including the following:  (1) the Debtor and its Estate, (2) all Holders of Claims against the Debtor, (3) all Holders of Equity Interests in the Debtor, (4) all Current Equity Owners, (5) all parties in interest, (6) to the extent applicable, the Reorganized Debtor and NewCo, and (7) any Holder of an Administrative Expense Claim or Claim against or any Equity Interest in the Debtor, including all federal, state and local

NYK 1218039-3.084540.0011

governmental entities and fiscal intermediaries thereof, whether or not (a) the Administrative Expense Claim, Claim or Equity Interest of such Holder is impaired under the Plan, (b) such Holder or entity has voted to accept or reject the Plan, and (c) such Holder or entity has filed or is deemed to have filed a proof of Claim or Equity Interest, made a demand for payment of any Claim, or has made an appearance in the Chapter 11 Case.  In addition, the provisions of the Plan, including all documents incorporated as part of the Plan, these Findings and the Confirmation Order shall bind all successors and assigns of the parties listed in the preceding sentence.  Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes, including but not limited to the Deemed Rejecting Classes.

S.      All modifications to the Plan or to documents incorporated as part of the Plan, including the Contract Assumption Schedule, announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by the affected constituents or which do not adversely affect or change the treatment of any other Claims or Equity Interests.   Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or resolicitation of votes under Bankruptcy Code section 1126, nor do they require that Holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.  The Plan as so modified meets the requirements of Bankruptcy Code sections 1122 and 1123.  Such modifications shall be deemed accepted by each Holder of a Claim or Equity Interest who has previously voted to accept the Plan.

T.      Each term and provision of the Plan is valid and enforceable pursuant to its terms.

NYK 1218039-3.084540.0011

U.       Pursuant to section 1146 of the Bankruptcy Code, (a) the issuance, transfer or

exchange of any securities, instruments, or documents, (b) the creation of any Lien, mortgage,

deed of trust or other security interest, (c) the making or assignment of any lease or sublease or

the making of delivery of any deed or other instrument of transfer under, pursuant to, in

furtherance of, or in connection with the Plan, including, without limitation, any deeds, bills of

sale or assignments executed in connection with any of the transactions contemplated under the

Plan or the revesting, transfer or sale of any real or personal property of the Debtor pursuant to,

in implementation of, or as contemplated in the Plan and (d) the issuance, renewal, modification

or securing of indebtedness by such means, and the making, delivery or recording of any deed or

other instrument of transfer under, in furtherance of, or in connection with, the Plan, including,

without limitation, the Confirmation Order, shall not be subject to any document recording tax,

stamp tax, conveyance fee or other similar tax, mortgage tax, real estate transfer tax, mortgage

recording tax or other similar tax or governmental assessment.

V.       Entry of the Confirmation Order shall constitute approval by this Court of the

Reorganized Debtor's assumption of the Assumed Obligations listed in the Contract Assumption

Schedule, as of the Effective Date pursuant to section 365(a) of the Bankruptcy Code.   As

provided in Article V of the Plan (and except as otherwise expressly provided herein or in the

Confirmation Order with respect to a particular identified contract or lease), with respect to any

contract, lease or other agreement listed on the Contract Assumption Schedule, no monetary or

non-monetary defaults by the Debtor currently exist under or with respect to such contracts

(including, without limitation, any claims for fraud or misrepresentation that may be asserted by

the non-Debtor to such contracts) or, alternatively, the assumption of such contracts shall satisfy

or eliminate any damage claims that the non-Debtor parties thereto may be able to assert as to

such existing defaults, without the necessity of paying any cure amounts to such non-Debtor parties on the Effective Date, except as specifically set forth in the Contract Assumption Schedule.

W.      For the avoidance of doubt, the Debtor will assume, and hereby expressly include in the Contract Assumption Schedule, the mineral lease between A.E. Dearth and Lisbon Land & Livestock Co (dated June 8, 1993 and recorded on July 8, 1993 in book 731 at pages 288-291) which was assigned to the Debtor on March 24, 2004 as recorded in book 824 at pages 829-832 and relates to 6 claims in Section 31, Range 26 East.

X.      For the avoidance of doubt, the Debtor hereby acknowledges that State Lease ML46431 and State Lease ML49306 expired by their own terms during or prior to the commencement of the Chapter 11 Case.  The State of Utah, Trust Lands Administration, and the Debtor have expressly agreed that both parties will use their best efforts to promptly negotiate and issue new replacement leases for State Lease ML46431 and State Lease ML49306.

Y.      The Debtor will assume, and hereby expressly include in the Contract Assumption Schedule, (i) the Reservation of a Royalty contained in that Quitclaim Deed and Agreement entered into on May 14, 1991 with Bernice C. Brinton and Eunice Knowles and recorded in San Juan County on June 4, 1991 in Book 717 at Pages 39-59, as modified by that certain Agreement entered into on August 4, 2005 with the Boyd C. Brinton Family Trust, Suzanne Brinton, Marva K. Loebe, and Carole L. Steele, including any subsequent assignments, which Royalty constitutes an interest in the Debtor's real property, and (ii) any and all other royalty agreements with Bernice C. Brinton and/or Eunice Knowles and their successors, assignees, or heirs.

Z.      Unless otherwise provided by law, the reversal or modification of the Confirmation Order and these Findings on appeal shall not affect the validity of the Plan, or any

20

agreement or action authorized by the Confirmation Order or under the Plan with respect to any entity acting in good faith, whether or not that entity knows of the appeal, unless the Confirmation Order is stayed pending appeal.

AA.    Based on the foregoing Findings of Fact and Conclusions of Law, the Plan Proponent is entitled to the entry of the Confirmation Order.

-------------------------------------------END OF DOCUMENT-------------------------------------------

## Service List

| | |
|---|---|
| Lisbon Valley Mining Co. LLC<br>P.O. Box 248<br>La Sal, UT 84530 | United States Trustee<br>405 South Main St., Suite 300<br>Salt Lake City, UT 84111 |
| Joel T. Marker<br>Quinn A. Sperry<br>McKay, Burton & Thurman<br>170 S. Main Street, Suite 800<br>Salt Lake City, UT 84101 | Internal Revenue Service<br>Attn: Special Procedures<br>Mail Stop 5021<br>50 South  200 East<br>Salt Lake City, UT 84111 |
| Bret F. Randall<br>Durham Jones & Pinegar<br>111 E. Broadway, Suite 900<br>Salt Lake City, UT 84111 | Utah State Tax Commission<br>Attn:  Bankruptcy Unit<br>210 North 1950 West<br>Salt Lake City, UT 84134 |
| Geoffrey T. Raicht<br>Nava Hazan<br>McDermott Will & Emery<br>340 Madison Avenue<br>New York, New York 10173 | San Juan County<br>Attn:  Walter Bird<br>117 South Main Street<br>Monticello, UT  84532 |
| Daniel Weisz<br>Adam Sherman<br>DELOITTE & TOUCHE, LLP.<br>1 Concorde Gate, Suite 200<br>Toronto, Ontario<br>Canada M3C 4G4 | John W. Andrews<br>Thomas Mitchell<br>State of Utah, School and Institutional<br>Trust Lands Administration<br>675 East 500 South, Suite 500<br>Salt Lake City, UT 84102 |
| Kenneth Kraft | Scott Bridge |

NYK 1218039-3.084540.0011

HEENAN BLAIKIE LLP
P.O. Box 185, Suite 2600
200 Bay Street
Toronto, Ontario M5J 2J4

Fraley &  Company
Attn:  David Fraley
P.O. Drawer W
Cortez, CO 81321

RBS Sempra Metals & Concentrates, LLC
Western United States
Attn:  Limor Nissan
58 Commerce Road
Stamford, CT  06902  USA

Stephen W. Lewis
Assistant Attorney General
160 East 300 South, #500
P.O. Box 140874
Salt Lake City, UT 84114

Scott H. Clark
Brent D. Wride
Ray Quinney & Nebeker
36 S. State St. # 1400
Salt Lake City, UT 84111

Kesler & Rust
McIntyre Building 2nd Floor
68 South Main Street
Salt Lake City, UT  84101

Bureau of Land Management
P.O. Box 45155
Salt Lake City, UT 84145-0155

Harold Olsen
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Nicole Goodwin
Quarles & Brady LLP
One Renaissance Square
Two North Central Ave.
Phoenix, AZ 85004

CS & W Contractors, Inc.
6135 N. 7th Street, Suite 105
Phoenix, AZ 85014

R.L. Knuth
Jones Waldo Holbrook & McDonough
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

George W. Pratt
Jones Waldo Holbrook & McDonough
170 S. Main Street, Suite 1500
Salt Lake City, UT 84101

Kennecott Utah Copper Corporation
PO Box 6001
Magna, UT  84044-6001

Tintic Uranium
Attn:  Ronny L. Cutshall
Jones Waldo Holbrook & McDonough
170 S. Main St., Suite 1500
Salt Lake City, UT 84101

John E. Diaz
2850 South Decker Lake Dr.
Salt Lake City, UT 84119

Kennecott Utah Copper Corporation
4700 Daybreak Parkway
South Jordan UT 84095

NYK 1218039-3.084540.0011

Cognis Corporation
Attn:  John Schold
5051 Estecreek Dr.
Cincinnati OH 45232-1446

Rocky Mountain Power
Attn:  Bankruptcy Team
P.O. Box 25308
Salt Lake City, UT 84125

Disco Associates, Inc.
4015 S. Howick Street
SLC UT 84107

Frontier Communications
P.O. Box 20567
Rochester NY 14602-0567

Frontier Communications
Attn:  Legal Department
111 Field Street
Rochester, NY 14620

W.W. Grainger, Inc.
P.O. Box 419267
Kansas City, MO 64141-6267

Safeware
P.O. Box 64465
Baltimore, MD 21264-4465

Whetstone Associates
Attn: Susan Wyman
243 N. Main Street
Gunnison, CO 81230

REIS Environmental
Attn:  Maria Comstock
PO 8498
St. Louis, MO 63132-0498

FEECO International
Attn: Lee Hoffmann
3913 Algoma Rd.
Green Bay, WI 54311-9707

Rocky Mountain Power
1033 NE 6th Ave
Portland OR 97256

Davidson Sales & Engineering
2441 S. 3850 W., Site B
West Valley City, UT 84120

FL Smidth
Attn:  Stephen Harrington
3235 Schoenersville Road
Bethlehem, PA 18017-2103

Frontier Communications
Attn: Mike Giles
40 West 100 North
Tremonton, UT 84337

Grand Rental Center, Inc.
Attn:  Kevin E. Clyde
1831 South Highway 191
P.O. Box 520
Moab, UT 84532

Marva K. Loebe
2 Lakeside Dr.
Salem, SC  29676

Prairie Dawg
Attn:  Aron Taylor
San Juan County Rd 194
Moab UT 84532

AFCO
Attn: Ann Oeding
4501 College Blvd, Ste 320
Leawood, KS 66211-2328

23

Signode Packaging Systems
800 Corporate Woods Parkway
Vernon Hills, IL  60061

Siemens Energy & Automation
P.O. Box 91433
Chicago, IL 60693


Walker True Value
260 S. Main St.
Moab, UT 84532

Globalstar
P.O. Box 30519
Los Angeles CA 90030-0519

Suzanne Brinton
2015 Highland Down Lane
Salt Lake City, UT  84117

Boyd C. Brinton Family Trust
677 Holiday Dr.
Brigham City, UT  84302-1660

Konecranes
P.O. Box 641807
Pittsburgh, PA 15264-1807


Duane and Penny Hager
2769 North 149th Ave.
Goodyear, AZ 85338

Mark and Theresa Kershaw
P.O. Box 123
La Sal, UT 84530

Summo USA Corporation
c/o Registered Agent:  CT Corporation System
136 East South Temple, Suite 2100
Salt Lake City, UT 84111

TR Electric
PO Box 776
Price Utah  84501

Canon Financial Services, Inc.
c/o Howard N. Sobel, P.A.
507 Kresson Road
P.O. Box 1525
Voorhees, NJ 08043

Power Service, Inc.
PO Box 2870
Casper WY  82602

Verizon
P.O. Box 9622
Mission Hills, CA 91346-9622

International Metals Co.
165 Township Line Rd.
Jenkintown, PA 19046-3531

Carole L. Steele
2 Lakeside Dr.
Salem, SC  29676

Michael and Joan Wilcox
HC 63
P. O. Box 151
Monticello, UT 84535

Kelly Dearth / Morningstar Inc.
802 Samoan Dr.
Grand Junction, CO 81506

Laufer & Padjen, LLC
5290 DTC Parkway, Suite 150
Greenwood Village,  CO 80111

Fenner Dunlop
1715-B E. Broadway
Farmington, NM 87401-7844

American Home Assurance Company
c/o Commercial Insurance Bankruptcy
Collections
Attention: Michelle A. Levitt
175 Water Street, 18th Floor
New York, NY 10038

Mary Lou Konsanke
PO Box 116
Bluff Utah 84512

Marilyn Kay Costanza Dominy
431 E Coronado
Moab Utah 84532

Joseph Frank Costanza
3221 S Rimrock
Moab UT 84532

Endurance American Insurance Company
Attn: Carl Thompson
333 Westchester Avenue
White Plains, NY 10604

Mary Patterson Brandon
3635 Arbolado Drive
Las Vegas, NV 89121

State of Utah
Department of Natural Resources, Division of
Oil, Gas, and Mining
Attn: Paul Baker
1594 W North Temple, Ste 1210
PO Box 145801
Salt Lake City, Utah 84114-5801

Division Counsel
American International Specialty Lines
Insurance Company
175 Water Street, 18th Floor
New York, NY 10038

PacifiCorp
Attn: Bankruptcy
P.O. Box 25308
Salt Lake City, UT 84125-0308

PacifiCorp
c/o Registered Agent: CT Corporation System
136 East South Temple, Ste 2100
Salt Lake City, UT 84111

Kennecott Utah Copper Corporation
c/o Registered Agent: Corporation Service
Company
2180 South 1300 East, Ste 650
Salt Lake City, UT 84106

Frontier Communications of America, Inc.
c/o Registered Agent: CT Corporation System
136 East South Temple, Ste 2100
Salt Lake City, UT 84111

Globalstar USA, LLC
c/o Registered Agent: Quick Data Services,
Inc.
50 West 3900 South, Ste 2B
Salt Lake City, UT 84107

Verizon Wireless
c/o Registered Agent: CT Corporation System
136 East South Temple, Ste 2100
Salt Lake City, UT 84111

Pitney Bowes
Attn: Elaine Perkins
P.O. Box 856042
Louisville, KY 40285-6042

Carroll Storage, Inc.
Attn: Robert Douglas Carroll, Jr.
P.O. Box 845
1181 S. Hwy 191
Moab, UT 84532

25

NYK 1218039-3.084540.0011

Hertz Equipment Rental Corp.
c/o Registered Agent:  CT Corporation System
136 East South Temple, Ste 2100
Salt Lake City, UT 84111

ADP Payroll Services, Inc.
c/o Registered Agent:  National Registered
Agents, Inc.
3622 W. Bay Circle
Lehi, UT 84043

Standard Life and Casualty Insurance
Company
c/o John F. Piercey
68 S. Main Street, Ste 500
Salt Lake City, UT 84101

Federal Insurance Company (Chubb Group)
Attn:  Amanda Kostas
15 Mountain View Road
Warren, NJ 07059

Travelers Indemnity Company
Attn:  Kathy Hoiness
One Tower Square
Hartford, CT 06183

Praxair Distribution Inc.
c/o RMS Bankruptcy Recovery Services
Attn:  Wendy Finnegan
P.O. Box 5126
Timonium, MD 21094

AFCO
Attn: Robert Ratner
4501 College Blvd, Ste 320
Leawood, KS 66211-2328

Culligan Water Conditioning of Price
Attn:  James S. Ruggeri
148 S. 200 E.
Price, UT 84501

Regence Bluecross Blueshield of Utah
Attn:  Jeannette D. Rogers
2890 E. Cottonwood Pkwy
Salt Lake City, UT 84121

American Mining Insurance Company
Attn: Kay Phillips
P.O. Box 660847
Birmingham, AL 35266-0847

Fireman's Fund Insurance Company
Attn:  Mark Jackson
777 San Marin Drive
Novato, CA 94998

FEECO International
c/o Attorney Colleen Kelly
231 South Adams Street
P.O. Box 23200
Green Bay, WI 54305

W.W. Grainger, Inc.
Attn:  Anne Godziszewski
7300 N. Melvina Ave M240
Niles, IL 60714-3998